**FILED**

APR 0 7 2006   NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE EDWARDS;<br>LORETTA STAPLES;<br>LOLITA WRIGHT;<br>TIMOTHY PATES; and<br>ANDRE NEWTON;<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITY OF CHICAGO, a<br>Municipal Corporation; and<br>UNKNOWN CHICAGO POLICE<br>OFFICERS John Does and<br>Jane Roes 1-10;<br><br>    Defendants. | **06CV1988**<br>**JUDGE NORGLE**<br>**MAGISTRATE ASHMAN**<br><br>Judge<br><br>**Jury Demand** |

## COMPLAINT

1.    This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law and statutes of the State of Illinois.

2.    Jurisdiction for Plaintiffs' federal claims are based on 28 U.S.C. §§ 1331 and 1343. Jurisdiction for Plaintiffs' state claims are based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

### Parties

3.    Plaintiffs GEORGE EDWARDS, LORETTA STAPLES, LOLITA WRIGHT, TIMOTHY PATES, and ANDRE NEWTON are citizens of the United States and of the State of Illinois, and are residents of the County of Cook and the City of Chicago.

1

4.     Defendant police officers are duly appointed and sworn City of Chicago police officers. At all times material to this complaint, Defendant-Officers were acting in the course and scope of their employment and under color of state law, ordinance and/or regulation.

5.     The Defendant-Officers are sued in their individual capacities.

6.     The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant police officers.

**Facts**

7.     On or about October 29, 2005, Plaintiffs GEORGE EDWARDS, LORETTA STAPLES, LOLITA WRIGHT, TIMOTHY PATES, and ANDRE NEWTON drove to Bank One located at 5687 South Archer Avenue, Chicago, Illinois, to close Plaintiff LORETTA STAPLES' checking account.

8.     Plaintiffs parked their van on a side street next to Bank One.

9.     Plaintiff LORETTA STAPLES went into Bank One to close her checking account.

10.    Approximately thirty minutes after Plaintiff LORETTA STAPLES entered the bank, Plaintiff GEORGE EDWARDS went into the bank to check on Plaintiff LORETTA STAPLES.

11.    Once inside the bank, Plaintiff GEORGE EDWARDS found Plaintiff LORETTA STAPLES sitting in the lobby.

12.    Plaintiff LORETTA STAPLES informed Plaintiff GEORGE EDWARDS that the banker that opened her account, Thomas Raschka, was busy with another customer.

13.    Plaintiff GEORGE EDWARDS told Plaintiff LORETTA STAPLES to withdraw $95.00 from her account, and just leave the remaining $5.00 in the account.

2

14.     Plaintiff LORETTA STAPLES withdrew $95.00 out of her checking account from one of the bank tellers.

15.     Plaintiffs LORETTA STAPLES and GEORGE EDWARDS then left the bank.

16.     Plaintiffs GEORGE EDWARDS and LORETTA STAPLES walked to Plaintiffs' van where Plaintiffs LOLITA WRIGHT, TIMOTHY PATES and ANDRE NEWTON were waiting.

17.     Plaintiff GEORGE EDWARDS got into the driver's seat, and Plaintiff LORETTA STAPLES got into the back of the van.

18.     As soon as Plaintiff GEORGE EDWARDS started the van, at least eight Chicago police officers, including the Defendant-Officers, surrounded the van. All officers were Caucasian. All of the officers were male, except one officer was female. About half of the officers were in police uniform, and the rest were in plain clothes.

19.     About three of the Defendant-Officers had their guns pointed at the van and at Plaintiffs.

20.     The officers ordered the Plaintiffs not to move.

21.     One of the male Defendant-Officers reached into the driver's side window and removed the keys from the van's ignition.

22.     The officers then ordered the Plaintiffs out of the van.

23.     Once outside the van, the Plaintiffs were handcuffed.

24.     Plaintiffs LORETTA STAPLES and LOLITA WRIGHT were handcuffed together.

25.     Plaintiffs GEORGE EDWARDS and TIMOTHY PATES were handcuffed together and thrown onto the hood of the van.

3

26.     The Plaintiffs were not free to leave.

27.     The Defendant-Officers did not have a warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to search, seize, detain, arrest or stop Plaintiffs.

28.     Plaintiffs had not violated any city, state or federal law.

29.     The Defendant-Officers did not have any reason to believe that Plaintiffs had violated, or was about to violate, any city, state or federal law.

30.     The Defendant-Officers did not have a reasonable suspicion, based upon specific and articulable facts, that the Plaintiffs had committed or was about to commit a crime.

31.     Two of the male Defendant-Officers searched Plaintiff LOLITA WRIGHTS' van.

32.     The Defendant-Officers did not have a warrant to search the van.

33.     The Defendant-Officers frisked and searched the Plaintiffs' persons without legal justification or probable cause.

34.     Female Plaintiffs LOLITA WRIGHT and LORETTA STAPLES were frisked and searched by the female Defendant-Officer.

35.     Plaintiff LOLITA WRIGHT, who suffers from a medical condition, began to have problems breathing.

36.     Plaintiff LOLITA WRIGHT informed the female Defendant-Officer that she needed her medicine from inside her purse.

37.     The female Defendant-Officer pushed Plaintiff LOLITA WRIGHT in the chest and threw Plaintiff's medicine inside the van.

38.     Plaintiff LORETTA STAPLES wears a chest pad as a result of breast-cancer surgery.

4

39.     The female Defendant-Officer removed Plaintiff LORETTA STAPLES' chest pad and threw it on the ground.

40.     The Plaintiffs asked the Defendant-Officers why they were handcuffed.

41.     Plaintiffs were told, "Shut up, you all know the routine."

42.     The Defendant-Officers told the Plaintiffs that they had tried to rob the bank.

43.     The Plaintiffs explained to the Defendant-Officers that they were just trying to close Plaintiff LORETTA STAPLES' bank account.

44.     One of the male Defendant-Officers took Plaintiff LORETTA STAPLES' account book and went inside the bank.

45.     While this Defendant-Officer was inside the bank, the Plaintiffs remained handcuffed.

46.     Several minutes later, the Defendant-Officer returned from the bank and told the Plaintiffs they tried to bounce a check.

47.     The Plaintiffs told the Defendant-Officers that they did not try to bounce a check.

48.     The Defendant-Officers told the Plaintiffs that the bank does not want black people at this bank.

49.     During the course of their search, the Defendant-Officers did not find any weapons, narcotics, or any evidence of any illegal activity.

50.     Plaintiffs were not charged with any crimes or issued any citations.

51.     Defendant-Officers released the Plaintiffs and then left the scene.

52.     The Defendant-Officers did not provide Plaintiffs with an explanation for what happened, or even an apology.

5

53.     Plaintiffs made a complaint with the Office of Professional Standards about the incident, and the investigation was made under CR 308067.

54.     As a direct and proximate result of the acts of the Defendant-Officers described above, Plaintiffs has suffered and continue to suffer great damages including emotional distress, loss of their physical liberty, mental anguish and humiliation, pain and suffering, and other nonpecuniary losses.

## COUNT I
**42 U.S.C. § 1983, False Arrest/Imprisonment of Plaintiff LORETTA STAPLES**

55.     Plaintiff LORETTA STAPLES realleges paragraphs 1 through 54 as if fully set forth herein.

56.     The Defendant-Officers arrested and handcuffed Plaintiff LORETTA STAPLES.

57.     Plaintiff LORETTA STAPLES was not free to leave.

58.     The Defendant-Officers did not have an arrest warrant for Plaintiff LORETTA STAPLES .

59.     The Defendant-Officers handcuffed Plaintiff LORETTA STAPLES without probable cause or legal justification.

60.     Plaintiff LORETTA STAPLES was released from police custody after spending about thirty minutes in police custody.

61.     The actions of the Defendant-Officers in arresting Plaintiff LORETTA STAPLES without any legal justification or probable cause violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

6

WHEREFORE, Plaintiff LORETTA STAPLES asks that this Honorable Court:

(a)     Enter judgment against the Defendant-Officers;

(b)     Award compensatory and punitive damages to Plaintiffs against said Defendant-Officers, as determined at trial;

©       Award Plaintiffs attorney's fees and costs;

(d)     Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### 42 U.S.C. § 1983, False Arrest/Imprisonment of Plaintiff GEORGE EDWARDS

62.     Plaintiff GEORGE EDWARDS realleges paragraphs 1 through 54 as if fully set forth herein.

63.     The Defendant-Officers arrested and handcuffed Plaintiff GEORGE EDWARDS.

64.     Plaintiff GEORGE EDWARDS was not free to leave.

65.     The Defendant-Officers did not have an arrest warrant for Plaintiff GEORGE EDWARDS.

66.     The Defendant-Officers handcuffed Plaintiff GEORGE EDWARDS without probable cause or legal justification.

67.     Plaintiff GEORGE EDWARDS was released from police custody after spending about thirty minutes in police custody.

68.     The actions of the Defendant-Officers in arresting Plaintiff GEORGE EDWARDS without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

7

WHEREFORE, Plaintiff GEORGE EDWARDS asks that this Honorable Court:

(a)     Enter judgment against the Defendant-Officers;

(b)     Award compensatory and punitive damages to Plaintiffs against said Defendant-Officers, as determined at trial;

©       Award Plaintiffs attorney's fees and costs;

(d)     Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### 42 U.S.C. § 1983, False Arrest/Imprisonment of Plaintiff LOLITA WRIGHT

69.     Plaintiff LOLITA WRIGHT realleges paragraphs 1 through 54 as if fully set forth herein.

70.     The Defendant-Officers arrested and handcuffed Plaintiff LOLITA WRIGHT.

71.     Plaintiff LOLITA WRIGHT was not free to leave.

72.     The Defendant-Officers did not have an arrest warrant for Plaintiff LOLITA WRIGHT.

73.     The Defendant-Officers handcuffed Plaintiff LOLITA WRIGHT without probable cause or legal justification.

74.     Plaintiff LOLITA WRIGHT was released from police custody after spending about thirty minutes in police custody.

75.     The actions of the Defendant-Officers in arresting Plaintiff LOLITA WRIGHT without any legal justification or probable cause violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

8

WHEREFORE, Plaintiff LOLITA WRIGHT asks that this Honorable Court:

(a)     Enter judgment against the Defendant-Officers;

(b)     Award compensatory and punitive damages to Plaintiffs against said Defendant-Officers, as determined at trial;

©       Award Plaintiffs attorney's fees and costs;

(d)     Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### 42 U.S.C. § 1983, False Arrest/Imprisonment of Plaintiff TIMOTHY PATES

76.     Plaintiff TIMOTHY PATES realleges paragraphs 1 through 54 as if fully set forth herein.

77.     The Defendant-Officers arrested and handcuffed Plaintiff TIMOTHY PATES.

78.     Plaintiff TIMOTHY PATES was not free to leave.

79.     The Defendant-Officers did not have an arrest warrant for Plaintiff TIMOTHY PATES.

80.     The Defendant-Officers handcuffed Plaintiff TIMOTHY PATES without probable cause or legal justification.

81.     Plaintiff TIMOTHY PATES was released from police custody after spending about thirty minutes in police custody.

82.     The actions of the Defendant-Officers in arresting Plaintiff TIMOTHY PATES without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff TIMOTHY PATES asks that this Honorable Court:

(a)     Enter judgment against the Defendant-Officers;

(b)     Award compensatory and punitive damages to Plaintiffs against said Defendant-
        Officers, as determined at trial;

©       Award Plaintiffs attorney's fees and costs;

(d)     Award such other and additional relief that this Honorable Court deems just and
        equitable.

**COUNT V**
**42 U.S.C. § 1983, False Arrest/Imprisonment of Plaintiff ANDRE NEWTON**

83.     Plaintiff ANDRE NEWTON realleges paragraphs 1 through 54 as if fully set forth
herein.

84.     The Defendant-Officers arrested and handcuffed Plaintiff ANDRE NEWTON.

85.     Plaintiff ANDRE NEWTON was not free to leave.

86.     The Defendant-Officers did not have an arrest warrant for Plaintiff ANDRE
NEWTON.

87.     The Defendant-Officers handcuffed Plaintiff ANDRE NEWTON without
probable cause or legal justification.

88.     Plaintiff ANDRE NEWTON was released from police custody after spending
about thirty minutes in police custody.

89.     The actions of the Defendant-Officers in arresting Plaintiff ANDRE NEWTON
without any legal justification or probable cause violated his Fourth Amendment right, as
guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff ANDRE NEWTON asks that this Honorable Court:

(a)     Enter judgment against the Defendant-Officers;

(b)     Award compensatory and punitive damages to Plaintiffs against said Defendant-Officers, as determined at trial;

©       Award Plaintiffs attorney's fees and costs;

(d)     Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### 42 U.S.C. § 1983, Excessive Force

90.     Plaintiffs reallege paragraphs 1 through 54 as if fully set forth herein.

91.     After surrounding Plaintiffs' van, the Defendant-Officers, or some of them, approached with their guns drawn and pointed at Plaintiffs.

92.     The actions of the Defendant-Officers, or some of them, in pointing their guns at Plaintiffs violated Plaintiffs' Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiffs asks that this Honorable Court:

a)      Enter judgment against said Defendant-Officers;

b)      Award compensatory and punitive damages to Plaintiffs against said Defendant-Officers, as determined at trial;

c)      Award Plaintiff attorney's fees and costs;

d)      Award such other and additional relief that this Honorable Court deems just and equitable.

11

## COUNT VII
**42 U.S.C. § 1983, Excessive Force**

93.     Plaintiff GEORGE EDWARDS realleges paragraphs 1 through 54 as if fully set forth herein.

94.     During the course of the arrest described above, Defendant-Officers, or some of them, slammed Plaintiff GEORGE EDWARDS onto the hood of Plaintiffs' van.

95.     The actions of the Defendant-Officers, or some of them, violated Plaintiff GEORGE EDWARDS' Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff GEORGE EDWARDS asks that this Honorable Court:

a)      Enter judgment against said Defendant-Officers;

b)      Award compensatory and punitive damages to Plaintiff GEORGE EDWARDS against said Defendant-Officers, as determined at trial;

c)      Award Plaintiff attorney's fees and costs;

d)      Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VIII
**42 U.S.C. § 1983, Excessive Force**

96.     Plaintiff TIMOTHY PATES realleges paragraphs 1 through 54 as if fully set forth herein.

97.     During the course of the arrest described above, Defendant-Officers, or some of them, slammed Plaintiff TIMOTHY PATES onto the hood of Plaintiffs' van.

12

98. The actions of the Defendant-Officers, or some of them, violated Plaintiff TIMOTHY PATES' Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff TIMOTHY PATES asks that this Honorable Court:

a)   Enter judgment against said Defendant;

b)   Award compensatory and punitive damages to Plaintiff TIMOTHY PATES against said Defendant, as determined at trial;

c)   Award Plaintiff attorney's fees and costs;

d)   Award such other and additional relief that this Honorable Court deems just and equitable.

### COUNT IX
### 42 U.S.C. § 1983, Excessive Force

99. Plaintiff LOLITA WRIGHT realleges paragraphs 1 through 54 as if fully set forth herein.

100. During the course of the arrest described above, the female Defendant-Officer shoved Plaintiff LOLITA WRIGHT in the chest.

101. The actions of the female Defendant-Officer violated Plaintiff LOLITA WRIGHT's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff LOLITA WRIGHT asks that this Honorable Court:

a)   Enter judgment against said Defendant;

b)   Award compensatory and punitive damages to Plaintiff LOLITA WRIGHT against said Defendant, as determined at trial;

13

c)      Award Plaintiff attorney's fees and costs;

d)      Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT X
### 42 U.S.C. § 1983, Illegal Search of Plaintiff LOLITA WRIGHT's Van

102.    Plaintiff LOLITA WRIGHT realleges paragraphs 1 through 54 as if fully set forth herein

103.    The actions of the Defendant-Officers, or some of them, in searching Plaintiff LOLITA WRIGHT's van without probable cause or legal justification, violated Plaintiff LOLITA WRIGHT's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff LOLITA WRIGHT asks that this Honorable Court:

(a)     Enter judgment against said Defendant-Officers;

(b)     Award compensatory and punitive damages to Plaintiff LOLITA WRIGHT against said Defendant-Officers, as determined at trial;

©       Award Plaintiffs attorney's fees and costs;

(d)     Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT XI
### 42 U.S.C. § 1983, Illegal Search of Plaintiff LORETTA STAPLES' Person

104.    Plaintiff LORETTA STAPLES realleges paragraphs 1 through 54 as if fully set forth herein.

14

105. The female Defendant-Officer frisked and searched Plaintiff LORETTA STAPLES' person.

106. The female Defendant-Officer did not have probable cause to search Plaintiff LORETTA STAPLES.

107. The actions of the female Defendant-Officer in searching Plaintiff LORETTA STAPLES without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff LORETTA STAPLES asks that this Honorable Court:

a)     Enter judgment against said Defendant-Officer;

b)     Award compensatory and punitive damages to Plaintiff LORETTA STAPLES against said Defendant-Officer, as determined at trial;

c)     Award Plaintiff attorney's fees and costs;

d)     Award such other and additional relief that this Honorable Court deems just and equitable.

**COUNT XII**
**42 U.S.C. § 1983, Illegal Search of Plaintiff GEORGE EDWARDS' Person**

108. Plaintiff GEORGE EDWARDS realleges paragraphs 1 through 54 as if fully set forth herein.

109. One or more Defendant-Officers frisked and searched Plaintiff GEORGE EDWARDS' person.

110. One or more Defendant-Officers did not have probable cause to search Plaintiff GEORGE EDWARDS.

111. The actions of the Defendant-Officers in searching Plaintiff GEORGE EDWARDS without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff GEORGE EDWARDS asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award compensatory and punitive damages to Plaintiff GEORGE EDWARDS against said Defendant-Officers, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT XIII
### 42 U.S.C. § 1983, Illegal Search of Plaintiff LOLITA WRIGHT's Person

112. Plaintiff LOLITA WRIGHT realleges paragraphs 1 through 54 as if fully set forth herein.

113. The female Defendant-Officer frisked and searched Plaintiff LOLITA WRIGHT's person.

114. The female Defendant-Officer did not have probable cause to search Plaintiff LOLITA WRIGHT.

115. The actions of the female Defendant-Officer in searching Plaintiff LOLITA WRIGHT without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff LOLITA WRIGHT asks that this Honorable Court:

a)      Enter judgment against said Defendant-Officer;

b)      Award compensatory and punitive damages to Plaintiff LOLITA WRIGHT
against said Defendant-Officer, as determined at trial;

c)      Award Plaintiff attorney's fees and costs;

d)      Award such other and additional relief that this Honorable Court deems just and
equitable.

**COUNT XIV**
**42 U.S.C. § 1983, Illegal Search of Plaintiff TIMOTHY PATES' Person**

116.    Plaintiff TIMOTHY PATES realleges paragraphs 1 through 54 as if fully set forth
herein.

117.    One or more Defendant-Officers frisked and searched Plaintiff TIMOTHY
PATES' person.

118.    One or more Defendant-Officers did not have probable cause to search Plaintiff
TIMOTHY PATES.

119.    The actions of the Defendant-Officers in searching Plaintiff TIMOTHY PATES
without any legal justification or probable cause, violated his Fourth Amendment right, as
guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff TIMOTHY PATES asks that this Honorable Court:

a)      Enter judgment against said Defendant-Officers;

b)      Award compensatory and punitive damages to Plaintiff TIMOTHY PATES
against said Defendant-Officers, as determined at trial;

c)      Award Plaintiff attorney's fees and costs;

17

d)    Award such other and additional relief that this Honorable Court deems just and

equitable.

**COUNT XV**
**42 U.S.C. § 1983, Illegal Search of Plaintiff ANDRE NEWTON's Person**

120.    Plaintiff ANDRE NEWTON realleges paragraphs 1 through 54 as if fully set forth

herein.

121.    One or more Defendant-Officers frisked and searched Plaintiff ANDRE

NEWTON's person.

122.    One or more Defendant-Officers did not have probable cause to search Plaintiff

ANDRE NEWTON.

123.    The actions of the Defendant-Officers in searching Plaintiff ANDRE NEWTON

without any legal justification or probable cause, violated his Fourth Amendment right, as

guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff ANDRE NEWTON asks that this Honorable Court:

a)    Enter judgment against said Defendant-Officers;

b)    Award compensatory and punitive damages to Plaintiff ANDRE NEWTON

against said Defendant-Officers, as determined at trial;

c)    Award Plaintiff attorney's fees and costs;

d)    Award such other and additional relief that this Honorable Court deems just and

equitable.

**COUNT XVI**
**Supplementary State Law Claim for Battery for LOLITA WRIGHT**

124.    Plaintiff LOLITA WRIGHT realleges paragraphs 1 through 54 as if fully set forth

18

herein.

125.    The female Defendant-Officer's physical contact with Plaintiff LOLITA
WRIGHT was offensive, without justification, and without consent.

126.    The female Defendant-Officer's physical contact with Plaintiff LOLITA
WRIGHT was intentional and willful and wanton.

127.    The female Defendant-Officer's physical contact with Plaintiff LOLITA
WRIGHT was undertaken with malice, willfulness and reckless indifference to the rights of others.

128.    As a proximate result of the female Defendant-Officer's conduct, causing Plaintiff
LOLITA WRIGHT to be shoved, Plaintiff has suffered and continues to suffer great damages
including pain and suffering, emotional distress, mental anguish and humiliation, and other
nonpecuniary losses.

WHEREFORE, Plaintiff LOLITA WRIGHT asks that this Honorable Court:

a)    Enter judgment against said Defendant-Officer;

b)    Award compensatory and punitive damages to Plaintiff against said Defendant-
Officer, as determined at trial;

c)    Award such other and additional relief that this Honorable Court deems just and
equitable.

## COUNT XVII
**Supplementary State Law Claim for Battery for GEORGE EDWARDS**

129.    Plaintiff GEORGE EDWARDS realleges paragraphs 1 through 54 as if fully set
forth herein.

130.    One or more Defendant-Officers' physical contact with Plaintiff GEORGE
EDWARDS was offensive, without justification, and without consent.

19

131.     One or more Defendant-Officers' physical contact with Plaintiff GEORGE EDWARDS was intentional and willful and wanton.

132.     One or more Defendant-Officers' physical contact with Plaintiff GEORGE EDWARDS was undertaken with malice, willfulness and reckless indifference to the rights of others.

133.     As a proximate result of the Defendant-Officers' conduct, causing Plaintiff GEORGE EDWARDS to be slammed onto the hood of the Plaintiffs' van, Plaintiff GEORGE EDWARDS has suffered and continues to suffer great damages including pain and suffering, emotional distress, mental anguish and humiliation, and other nonpecuniary losses.

WHEREFORE, Plaintiff GEORGE EDWARDS asks that this Honorable Court:

a)     Enter judgment against said Defendant-Officers;

b)     Award compensatory and punitive damages to Plaintiff against said Defendant-Officers, as determined at trial;

c)     Award such other and additional relief that this Honorable Court deems just and equitable.

### COUNT XVIII
### Supplementary State Law Claim for Battery for TIMOTHY PATES

134.     Plaintiff TIMOTHY PATES realleges paragraphs 1 through 54 as if fully set forth herein.

135.     One or more Defendant-Officers' physical contact with Plaintiff TIMOTHY PATES was offensive, without justification, and without consent.

136.     One or more Defendant-Officers' physical contact with Plaintiff TIMOTHY PATES was intentional and willful and wanton.

20

137. One or more Defendant-Officers' physical contact with Plaintiff TIMOTHY PATES was undertaken with malice, willfulness and reckless indifference to the rights of others.

138. As a proximate result of the Defendant-Officers' conduct, causing Plaintiff TIMOTHY PATES to be slammed onto the hood of the Plaintiffs' van, Plaintiff TIMOTHY PATES has suffered and continues to suffer great damages including pain and suffering, emotional distress, mental anguish and humiliation, and other nonpecuniary losses.

WHEREFORE, Plaintiff TIMOTHY PATES asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award compensatory and punitive damages to Plaintiff against said Defendant-Officers, as determined at trial;

c) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT XIX
### (42 U.S.C. § 1983 – *Monell* Claim against the City of Chicago)

139. Plaintiffs reallege all of the above paragraphs and counts, as if fully set forth herein.

140. At all times material to this Complaint, there existed in the City of Chicago the following practices, policies and customs:

  a. stopping, detaining, arresting, and searching civilians without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

  b. searching civilians' vehicles without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

c.   arbitrary use of excessive force against arrestees, detainees and other
     civilians;

d.   denial of substantive due process, abuse of legal process, malicious
     prosecution, and filing of false charges against innocent persons;

e.   mental abuse, oral abuse and assault and of arrestees, detainces, and other
     civilians;

f.   preparing false and incomplete police reports to cover up police
     misconduct including unconstitutional searches and scizures;

g.   *not* preparing police reports, and false denial that an incident of
     misconduct even took place, in attempt to suppress and conceal police
     misconduct including unconstitutional searches and seizures,

h.   a *code of silence* in which police officers fail to report police misconduct
     including the type of misconduct alleged by Plaintiff in this Complaint,
     and described in sub-paragraphs a - e above;

I.   said *code of silence* also includes police officers either remaining silent or
     giving false and misleading information during official investigations to
     cover up misconduct, and protect themselves and other officers;

j.   failure to adequately train, supervise and discipline police officers in the
     categories and fields of police work addressed in sub-paragraphs a - e
     above;

k.   failure to adequately train and supervise police officers to rectify the
     malfeasance described in sub-paragraphs a - e above;

l.   failure to adequately investigate citizen complaints against police officers
     for the type of misconduct alleged by Plaintiff in this Complaint, and
     described in sub-paragraphs a - c above;

m.   failure to adequately discipline police officers for the type of misconduct
     alleged by Plaintiff in this Complaint, and described in sub-paragraphs a -
     e above

n.   through the Office of Professional Standards (OPS), conducting inherently
     deficient investigations of citizen complaints of police misconduct in
     which an officer is disciplined in a minuscule percentage of cases, thereby
     encouraging even more police misconduct;

o.     complete failure to deter police officers from the type of misconduct alleged in this Complaint, and described in sub-paragraphs a - e above, by its lack of discipline for police misconduct, and defective OPS investigations;

141.    The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the City of Chicago, the Chicago Police Department, and its police officers.

142.    One or more of the following entities, authorities and officials are responsible for the policies, practices and customs alleged above: the Mayor of Chicago, the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board (to which the City of Chicago has delegated *de jure* final policy-making authority for the Chicago Police Department); the members of the Chicago Police Board, the Office of Professional Standards, and Superintendent Phil Cline (to whom the City of Chicago has delegated *de facto* final policy-making authority for the Chicago Police Department regarding the matters complained of herein).

143.    The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the municipal policy-makers of the City of Chicago.

144.    The municipal policy-makers of the City of Chicago acted with deliberate indifference to the rights of Plaintiffs in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

145.    By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

23

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against the City of Chicago;

b)      Award Plaintiff compensatory damages, as determined at trial;

c)      Award Plaintiff attorney's fees and costs;

d)      Award such other and additional relief that this Honorable Court deems just and
        equitable.

## COUNT XX
### State Claim for Respondeat Superior

146.    Plaintiffs reallege paragraphs 1 through 54 as if fully set forth herein.

147.    The acts of the Defendant-officers described in the state claims specified above,
were willful and wanton, and committed in the scope of their employment. Therefore, as
principal, the Defendant CITY OF CHICAGO is liable for its agents' actions under the doctrine
of respondeat superior.

WHEREFORE, Plaintiffs demand judgment against the CITY OF CHICAGO, and such
other and additional relief that this Honorable Court deems just and equitable.

## COUNT XXI
### Indemnification Claim pursuant to 745 ILCS 10/9-102

148.    At all times material to this Complaint, the Defendant-Officers were employees of
Defendant CITY OF CHICAGO.

149.    The above-described acts of the Defendant-Officers were willful and wanton.

150.    The above-described acts of the Defendant-Officers were committed in the scope of their employment.

151.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiffs ask that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from the actions of the Defendant-Officers.

**Plaintiffs demand trial by jury.**

Respectfully submitted,

LAWRENCE V. JACKOWIAK
*Attorney for the Plaintiffs*

Lawrence V. Jackowiak
Law Offices of Lawrence V. Jackowiak
33 North LaSalle Street, Suite 2700
Chicago, Illinois 60602
(312) 795-9595

25