**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE EDWARDS; LORETTA STAPLES; LOLITA WRIGHT; TIMOTHY PATES; and ANDRE NEWTON; | ) ) ) ) | **No. 06 C 1988** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | JUDGE NORGLE |
| CITY OF CHICAGO, a Municipal Corporation; and UNKNOWN CHICAGO POLICE OFFICERS John Does and Jane Roes 1-10; | ) ) ) ) | Magistrate Judge Ashman  JURY DEMAND |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER,
<u>DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT</u>**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, answers plaintiff's complaint as follows:

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law and statutes of the State of Illinois.

**ANSWER**:    The City admits the allegations of this paragraph.

2.      Jurisdiction for Plaintiffs' federal claims are based on 28 U.S.C. §§ 1331 and 1343. Jurisdiction for Plaintiffs' state claims are based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER**:    The City admits the allegations of this paragraph.

**Parties**

3.      Plaintiffs GEORGE EDWARDS, LORETTA STAPLES, LOLITA WRIGHT, TIMOTHY PATES, and ANDRE NEWTON are citizens of the United States and of the State of Illinois, and are residents of the County of Cook and the City of Chicago.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

    **4.**    Defendant police officers are duly appointed and sworn City of Chicago police officers. At all times material to this complaint, Defendant-Officers were acting in the course and scope of their employment and under color of state law, ordinance and/or regulation.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

    **5.**    The Defendant-Officers are sued in their individual capacities.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

    **6.**    The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant police officers.

**ANSWER**:    The City admits that it is a municipal corporation, duly incorporated under the laws of the State of Illinois.  The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

### Facts

    **7.**    On or about October 29, 2005, Plaintiffs GEORGE EDWARDS, LORETTA STAPLES, LOLITA WRIGHT, TIMOTHY PATES, and ANDRE NEWTON drove to Bank One located at 5687 South Archer Avenue, Chicago, Illinois, to close Plaintiff LORETTA STAPLES' checking account.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

    **8.**    Plaintiffs parked their van on a side street next to Bank One.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

2

**9.**     Plaintiff LORETTA STAPLES went into Bank One to close her checking account.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**10.**     Approximately thirty minutes after Plaintiff LORETTA STAPLES entered the bank, Plaintiff GEORGE EDWARDS went into the bank to check on Plaintiff LORETTA STAPLES.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**11.**     Once inside the bank, Plaintiff GEORGE EDWARDS found Plaintiff LORETTA STAPLES sitting in the lobby.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**12.**     Plaintiff LORETTA STAPLES informed Plaintiff GEORGE EDWARDS that the banker that opened her account, Thomas Raschka, was busy with another customer.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**13.**     Plaintiff GEORGE EDWARDS told Plaintiff LORETTA STAPLES to withdraw $95.00 from her account, and just leave the remaining $5.00 in the account.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**14.**     Plaintiff LORETTA STAPLES withdrew $95.00 out of her checking account from one of the bank tellers.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**15**.     Plaintiffs LORETTA STAPLES and GEORGE EDWARDS then left the bank.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**16.**     Plaintiffs GEORGE EDWARDS and LORETTA STAPLES walked to Plaintiffs' van where Plaintiffs LOLITA WRIGHT, TIMOTHY PATES and ANDRE NEWTON were waiting.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**17.**     Plaintiff GEORGE EDWARDS got into the driver's seat, and Plaintiff LORETTA STAPLES got into the back of the van.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**18.**     As soon as Plaintiff GEORGE EDWARDS started the van, at least eight Chicago police officers, including the Defendant-Officers, surrounded the van. All officers were Caucasian. All of the officers were male, except one officer was female. About half of the officers were in police uniform, and the rest were in plain clothes.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**19.**     About three of the Defendant-Officers had their guns pointed at the van and at Plaintiffs.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**20.**     The officers ordered the Plaintiffs not to move.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**21.** One of the male Defendant-Officers reached into the driver's side window and removed the keys from the van's ignition.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**22.** The officers then ordered the Plaintiffs out of the van.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**23.** Once outside the van, the Plaintiffs were handcuffed.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**24.** Plaintiffs LORETTA STAPLES and LOLITA WRIGHT were handcuffed together.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**25.** Plaintiffs GEORGE EDWARDS and TIMOTHY PATES were handcuffed together and thrown onto the hood of the van.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**26.** The Plaintiffs were not free to leave.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**27.** The Defendant-Officers did not have a warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to search, seize, detain, arrest or stop Plaintiffs.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**28.** Plaintiffs had not violated any city, state or federal law.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**29.** The Defendant-Officers did not have any reason to believe that Plaintiffs had violated, or was about to violate, any city, state or federal law.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**30.** The Defendant-Officers did not have a reasonable suspicion, based upon specific and articulable facts, that the Plaintiffs had committed or was about to commit a crime.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**31.** Two of the male Defendant-Officers searched Plaintiff LOLITA WRIGHTS' van.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**32.** The Defendant-Officers did not have a warrant to search the van.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**33.** The Defendant-Officers frisked and searched the Plaintiffs' persons without legal justification or probable cause.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**34.**     Female Plaintiffs LOLITA WRIGHT and LORETTA STAPLES were frisked and searched by the female Defendant-Officer.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**35.**     Plaintiff LOLITA WRIGHT, who suffers from a medical condition, began to have problems breathing.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**36.**     Plaintiff LOLITA WRIGHT informed the female Defendant-Officer that she needed her medicine from inside her purse.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**37.**     The female Defendant-Officer pushed Plaintiff LOLITA WRIGHT in the chest and threw Plaintiff s medicine inside the van.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**38.**     Plaintiff LORETTA STAPLES wears a chest pad as a result of breast-cancer surgery.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**39.**     The female Defendant-Officer removed Plaintiff LORETTA STAPLES' chest pad and threw it on the ground.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**40.**     The Plaintiffs asked the Defendant-Officers why they were handcuffed.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

7

truth of the allegations of this paragraph.

**41.**     Plaintiffs were told, "Shut up, you all know the routine."

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**42.**     The Defendant-Officers told the Plaintiffs that they had tried to rob the bank.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**43.**     The Plaintiffs explained to the Defendant-Officers that they were just trying
to close Plaintiff LORETTA STAPLES' bank account.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**44.**     One of the male Defendant-Officers took Plaintiff LORETTA STAPLES'
account book and went inside the bank.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**45.**     While this Defendant-Officer was inside the bank, the Plaintiffs remained
handcuffed.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**46.**     Several minutes later, the Defendant-Officer returned from the bank and told
the Plaintiffs they tried to bounce a check.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**47.**     The Plaintiffs told the Defendant-Officers that they did not try to bounce a
check.

8

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

48.     The Defendant-Officers told the Plaintiffs that the bank does not want black people at this bank.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

49.     During the course of their search, the Defendant-Officers did not find any weapons, narcotics, or any evidence of any illegal activity.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

50.     Plaintiffs were not charged with any crimes or issued any citations.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

51.     Defendant-Officers released the Plaintiffs and then left the scene.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

52.     The Defendant-Officers did not provide Plaintiffs with an explanation for what happened, or even an apology.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

53.     Plaintiffs made a complaint with the Office of Professional Standards about the incident, and the investigation was made under CR 308067.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

54.     As a direct and proximate result of the acts of the Defendant-Officers

9

described above, Plaintiffs has suffered and continue to suffer great damages including emotional distress, loss of their physical liberty, mental anguish and humiliation, pain and suffering, and other non-pecuniary losses.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

## COUNT I
## 42 U.S.C. § 1983 - False Arrest/Imprisonment of Plaintiff LORETTA STAPLES

**55**.     Plaintiff LORETTA STAPLES realleges paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**:     The City responds with the corresponding answers.

**56.**     The Defendant-Officers arrested and handcuffed Plaintiff LORETTA STAPLES.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**57.**     Plaintiff LORETTA STAPLES was not free to leave.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**58.**     The Defendant-Officers did not have an arrest warrant for Plaintiff LORETTA STAPLES.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**59.**     The Defendant-Officers handcuffed Plaintiff LORETTA STAPLES without probable cause or legal justification.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**60.**     Plaintiff LORETTA STAPLES was released from police custody after

10

spending about thirty minutes in police custody.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**61.**     The actions of the Defendant-Officers in arresting Plaintiff LORETTA STAPLES without any legal justification or probable cause violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE,**  the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

**COUNT II**
**42 U.S.C. § 1983, False Arrest/Imprisonment of Plaintiff GEORGE EDWARDS**

**62.**     Plaintiff GEORGE EDWARDS realleges paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**:     The City responds with the corresponding answers.

**63.**     The Defendant-Officers arrested and handcuffed Plaintiff GEORGE EDWARDS.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph

**64.**     Plaintiff GEORGE EDWARDS was not free to leave.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**65.**     The Defendant-Officers did not have an arrest warrant for Plaintiff GEORGE EDWARDS.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

11

truth of the allegations of this paragraph.

**66.** The Defendant-Officers handcuffed Plaintiff GEORGE EDWARDS without probable cause or legal justification.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**67.** Plaintiff GEORGE EDWARDS was released from police custody after spending about thirty minutes in police custody.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**68.** The actions of the Defendant-Officers in arresting Plaintiff GEORGE EDWARDS without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

## COUNT III
## 42 U.S.C. § 1983, False Arrest/Imprisonment of Plaintiff LOLITA WRIGHT

**69.** Plaintiff LOLITA WRIGHT realleges paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**: The City responds with the corresponding answers.

**70.** The Defendant-Officers arrested and handcuffed Plaintiff LOLITA WRIGHT.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**71.** Plaintiff LOLITA WRIGHT was not free to leave.

12

**ANSWER**:   The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**72.**   The Defendant-Officers did not have an arrest warrant for Plaintiff LOLITA WRIGHT.

**ANSWER**:   The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**73.**   The Defendant-Officers handcuffed Plaintiff LOLITA WRIGHT without probable cause or legal justification.

**ANSWER**:   The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**74.**   Plaintiff LOLITA WRIGHT was released from police custody after spending about thirty minutes in police custody.

**ANSWER**:   The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**75.**   The actions of the Defendant-Officers in arresting Plaintiff LOLITA WRIGHT

without any legal justification or probable cause violated her Fourth Amendment right, as

guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and

seizures.

**ANSWER**:   The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

## COUNT IV
## 42 U.S.C. § 1983, False Arrest/Imprisonment of Plaintiff TIMOTHY PATES

**76.**   Plaintiff TIMOTHY PATES realleges paragraphs 1 through 54 as if fully set

13

forth herein.

**ANSWER**:     The City responds with the corresponding answers.

77.     The Defendant-Officers arrested and handcuffed Plaintiff TIMOTHY PATES.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

78.     Plaintiff TIMOTHY PATES was not free to leave.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

79.     The Defendant-Officers did not have an arrest warrant for Plaintiff TIMOTHY
PATES.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

80.     The Defendant-Officers handcuffed Plaintiff TIMOTHY PATES without
probable cause or legal justification.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

81.     Plaintiff TIMOTHY PATES was released from police custody after spending
about thirty minutes in police custody.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

82.     The actions of the Defendant-Officers in arresting Plaintiff TIMOTHY PATES
without any legal justification or probable cause violated his Fourth Amendment right, as
guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and
seizures.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all reasonable costs, fees and any other appropriate relief.

**COUNT V**
**42 U.S.C. § 1983, False Arrest/Imprisonment of Plaintiff ANDRE NEWTON**

83.     Plaintiff ANDRE NEWTON realleges paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**:     The City responds with the corresponding answers.

84.     The Defendant-Officers arrested and handcuffed Plaintiff ANDRE NEWTON.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

         truth of the allegations of this paragraph.

85.     Plaintiff ANDRE NEWTON was not free to leave.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

         truth of the allegations of this paragraph.

86.     The Defendant-Officers did not have an arrest warrant for Plaintiff ANDRE NEWTON.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

         truth of the allegations of this paragraph.

87.     The Defendant-Officers handcuffed Plaintiff ANDRE NEWTON without probable cause or legal justification.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

         truth of the allegations of this paragraph.

88.     Plaintiff ANDRE NEWTON was released from police custody after spending about thirty minutes in police custody.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

         truth of the allegations of this paragraph.

15

**89.** The actions of the Defendant-Officers in arresting Plaintiff ANDRE NEWTON without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

## COUNT VI
## 42 U.S.C. § 1983, Excessive Force

**90.** Plaintiffs reallege paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**: The City responds with the corresponding answers.

**91.** After surrounding Plaintiffs' van, the Defendant-Officers, or some of them, approached with their guns drawn and pointed at Plaintiffs.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**92.** The actions of the Defendant-Officers, or some of them, in pointing their guns at Plaintiffs violated Plaintiffs' Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE**, the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

## COUNT VII
## 42 U.S.C. § 1983, Excessive Force

**93.** Plaintiff GEORGE EDWARDS realleges paragraphs 1 through 54 as if fully set forth herein.

16

**ANSWER**:     The City responds with the corresponding answers.

**94.**     During the course of the arrest described above, Defendant-Officers, or some of them, slammed Plaintiff GEORGE EDWARDS onto the hood of Plaintiffs' van.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**95.**     The actions of the Defendant-Officers, or some of them, violated Plaintiff GEORGE EDWARDS' Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE**,  the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

## COUNT VIII
## 42 U.S.C. § 1983, Excessive Force

**96.**     Plaintiff TIMOTHY PATES realleges paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**:     The City responds with the corresponding answers.

**97**.     During the course of the arrest described above, Defendant-Officers, or some of them, slammed Plaintiff TIMOTHY PATES onto the hood of Plaintiffs' van.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**98.**     The actions of the Defendant-Officers, or some of them, violated Plaintiff TIMOTHY PATES' Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE,**  the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

## COUNT IX
### 42 U.S.C. § 1983, Excessive Force

**99.**    Plaintiff LOLITA WRIGHT realleges paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**:    The City responds with the corresponding answers.

**100**.    During the course of the arrest described above, the female Defendant-Officer shoved Plaintiff LOLITA WRIGHT in the chest.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**101.**    The actions of the female Defendant-Officer violated Plaintiff LOLITA WRIGHT'S Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

## COUNT X
### 42 U.S.C. § 1983, Illegal Search of Plaintiff LOLITA WRIGHT'S Van

**102.**    Plaintiff LOLITA WRIGHT realleges paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**:    The City responds with the corresponding answers.

**103.**    The actions of the Defendant-Officers, or some of them, in searching Plaintiff LOLITA WRIGHT's van without probable cause or legal justification, violated Plaintiff LOLITA WRIGHT's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE**, the City asks for judgment in its favor and against plaintiffs, for all reasonable costs, fees and any other appropriate relief.

## COUNT XI
### 42 U.S.C. § 1983, Illegal Search of Plaintiff LORETTA STAPLES' Person

**104.** Plaintiff LORETTA STAPLES realleges paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**: The City responds with the corresponding answers.

**105.** The female Defendant-Officer frisked and searched Plaintiff LORETTA STAPLES' person.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**106.** The female Defendant-Officer did not have probable cause to search Plaintiff LORETTA STAPLES.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**107.** The actions of the female Defendant-Officer in searching Plaintiff LORETTA STAPLES without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all reasonable costs, fees and any other appropriate relief.

## COUNT XII
### 42 U.S.C. § 1983, Illegal Search of Plaintiff GEORGE EDWARDS' Person

**108.** Plaintiff GEORGE EDWARDS realleges paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**:    The City responds with the corresponding answers.

**109.**    One or more Defendant-Officers frisked and searched Plaintiff GEORGE EDWARDS' person.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**110.**    One or more Defendant-Officers did not have probable cause to search Plaintiff GEORGE EDWARDS.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**111.**    The actions of the Defendant-Officers in searching Plaintiff GEORGE EDWARDS without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

### COUNT XIII
### 42 U.S.C. § 1983, Illegal Search of Plaintiff LOLITA WRIGHT'S Person

**112.**    Plaintiff LOLITA WRIGHT realleges paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**:    The City responds with the corresponding answers.

**113.**    The female Defendant-Officer frisked and searched Plaintiff LOLITA WRIGHT'S person.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**114.** The female Defendant-Officer did not have probable cause to search Plaintiff LOLITA WRIGHT.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**115.** The actions of the female Defendant-Officer in searching Plaintiff LOLITA WRIGHT without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

## COUNT XIV
### 42 U.S.C. § 1983, Illegal Search of Plaintiff TIMOTHY PATES' Person

**116.** Plaintiff TIMOTHY PATES realleges paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**: The City responds with the corresponding answers.

**117.** One or more Defendant-Officers frisked and searched Plaintiff TIMOTHY PATES' person.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**118.** One or more Defendant-Officers did not have probable cause to search Plaintiff TIMOTHY PATES.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**119.** The actions of the Defendant-Officers in searching Plaintiff TIMOTHY PATES without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and

seizures.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

## COUNT XV
## 42 U.S.C. § 1983, Illegal Search of Plaintiff ANDRE NEWTON's Person

**120.**     Plaintiff ANDRE NEWTON realleges paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**:     The City responds with the corresponding answers.

**121.**     One or more Defendant-Officers frisked and searched Plaintiff ANDRE NEWTON's person.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**122.**     One or more Defendant-Officers did not have probable cause to search Plaintiff ANDRE NEWTON.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**123.**     The actions of the Defendant-Officers in searching Plaintiff ANDRE NEWTON without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

**ANSWER**:     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

22

## COUNT XVI
## Supplementary State Law Claim for Battery for LOLITA WRIGHT

**124.** Plaintiff LOLITA WRIGHT realleges paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**: The City responds with the corresponding answers.

**125.** The female Defendant-Officer's physical contact with Plaintiff LOLITA WRIGHT was offensive, without justification, and without consent.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**126.** The female Defendant-Officer's physical contact with Plaintiff LOLITA WRIGHT was intentional and willful and wanton.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**127.** The female Defendant-Officer's physical contact with Plaintiff LOLITA WRIGHT was undertaken with malice, willfulness and reckless indifference to the rights of others.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**128.** As a proximate result of the female Defendant-Officer's conduct, causing Plaintiff LOLITA WRIGHT to be shoved, Plaintiff has suffered and continues to suffer great damages including pain and suffering, emotional distress, mental anguish and humiliation, and other non-pecuniary losses.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

## COUNT XVII
## Supplementary State Law Claim for Battery for GEORGE EDWARDS

**129.** Plaintiff GEORGE EDWARDS realleges paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**:  The City responds with the corresponding answers.

**130.** One or more Defendant-Officers' physical contact with Plaintiff GEORGE EDWARDS was offensive, without justification, and without consent.

**ANSWER**:  The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**131.** One or more Defendant-Officers' physical contact with Plaintiff GEORGE EDWARDS was intentional and willful and wanton.

**ANSWER**:  The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**132.** One or more Defendant-Officers' physical contact with Plaintiff GEORGE EDWARDS was undertaken with malice, willfulness and reckless indifference to the rights of others.

**ANSWER**:  The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**133.** As a proximate result of the Defendant-Officers' conduct, causing Plaintiff GEORGE EDWARDS to be slammed onto the hood of the Plaintiffs' van, Plaintiff GEORGE EDWARDS has suffered and continues to suffer great damages including pain and suffering, emotional distress, mental anguish and humiliation, and other non-pecuniary losses.

**ANSWER**:  The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all reasonable costs, fees and any other appropriate relief.

**COUNT XVIII**
**Supplementary State Law Claim for Battery for TIMOTHY PATES**

**134.**   Plaintiff TIMOTHY PATES realleges paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**:   The City responds with the corresponding answers.

**135.**   One or more Defendant-Officers' physical contact with Plaintiff TIMOTHY PATES was offensive, without justification, and without consent.

**ANSWER**:   The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**136.**   One or more Defendant-Officers' physical contact with Plaintiff TIMOTHY BATES was intentional and willful and wanton.

**ANSWER**:   The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**137.**   One or more Defendant-Officers' physical contact with Plaintiff TIMOTHY PATES was undertaken with malice, willfulness and reckless indifference to the rights of others.

**ANSWER**:   The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**138.**   As a proximate result of the Defendant-Officers' conduct, causing Plaintiff TIMOTHY PATES to be slammed onto the hood of the Plaintiffs' van, Plaintiff TIMOTHY PATES has suffered and continues to suffer great damages including pain and suffering, emotional distress, mental anguish and humiliation, and other non-pecuniary losses.

**ANSWER**:   The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

## COUNT XIX
## (42 U.S.C. § 1983 - Monell Claim against the City of Chicago)

**139.** Plaintiffs reallege all of the above paragraphs and counts, as if fully set forth herein.

**ANSWER**: The City responds with the corresponding answers.

**140.** At all times material to this Complaint, there existed in the City of Chicago the following practices, policies and customs:

a. stopping, detaining, arresting, and searching civilians without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

b. searching civilians' vehicles without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

c. arbitrary use of excessive force against arrestees, detainees and other civilians;

d. denial of substantive due process, abuse of legal process, malicious prosecution, and filing of false charges against innocent persons;

e. mental abuse, oral abuse and assault and of arrestees, detainees, and other civilians;

f. preparing false and incomplete police reports to cover up police misconduct including unconstitutional searches and seizures;

g. not preparing police reports, and false denial that an incident of misconduct even took place, in attempt to suppress and conceal police misconduct including unconstitutional searches and seizures;

h. a code of silence in which police officers fail to report police misconduct including the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a - e above;

I. said code of silence also includes police officers either remaining silent or giving false and misleading information during official investigations to cover up misconduct, and protect themselves and other officers;

j. failure to adequately train, supervise and discipline police officers in the categories and fields of police work addressed in sub-paragraphs a - e above;

k. failure to adequately train and supervise police officers to rectify the malfeasance described in sub-paragraphs a - e above;

26

l.      failure to adequately investigate citizen complaints against police officers for the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a - e above;

m.     failure to adequately discipline police officers for the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a -e above;

n.     through the Office of Professional Standards (OPS), conducting inherently deficient investigations of citizen complaints of police misconduct in which an officer is disciplined in a minuscule percentage of cases, thereby encouraging even more police misconduct;

o.     complete failure to deter police officers from the type of misconduct alleged in this Complaint, and described in sub-paragraphs a - e above, by its lack of discipline for police misconduct, and defective OPS investigations;

**ANSWER**:    The City denies each and every allegation of this paragraph.

**141.**    The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above de facto practices, policies and customs of the City of Chicago, the Chicago Police Department, and its police officers.

**ANSWER**:    The City denies each and every allegation of this paragraph.

**142.**    One or more of the following entities, authorities and officials are responsible for the policies, practices and customs alleged above: the Mayor of Chicago, the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board (to which the City of Chicago has delegated de jure final policy-making authority for the Chicago Police Department); the members of the Chicago Police Board, the Office of Professional Standards, and Superintendent Phil Cline (to whom the City of Chicago has delegated de facto final policy-making authority for the Chicago Police Department regarding the matters complained of herein).

**ANSWER**:    The City denies each and every allegation of this paragraph.

**143.**    The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the municipal policy-makers of the City of Chicago.

**ANSWER**:    The City denies each and every allegation of this paragraph.

**144.**    The municipal policy-makers of the City of Chicago acted with deliberate indifference to the rights of Plaintiffs in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

**ANSWER**:    The City denies each and every allegation of this paragraph.

By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

**ANSWER**:    The City denies each and every allegation of this paragraph.

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

### COUNT XX
### State Claim for Respondeat Superior

**146.**    Plaintiffs reallege paragraphs 1 through 54 as if fully set forth herein.

**ANSWER**:    The City responds with the corresponding answers.

**147.**    The acts of the Defendant-officers described in the state claims specified above, were willful and wanton, and committed in the scope of their employment. Therefore, as principal, the Defendant CITY OF CHICAGO is liable for its agents' actions under the doctrine of respondeat superior.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

### COUNT XXI
### Indemnification Claim pursuant to 745ILCS 10/9-102

**148.**    At all times material to this Complaint, the Defendant-Officers were employees of Defendant CITY OF CHICAGO.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**149.**    The above-described acts of the Defendant-Officers were willful and wanton.

**ANSWER**:    The City lacks information or knowledge sufficient to form a belief as to the

28

truth of the allegations of this paragraph.

**150.** The above-described acts of the Defendant-Officers were committed in the scope of their employment.

**ANSWER**: The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of this paragraph.

**151.** Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY

OF CHICAGO is liable for any judgments in this case arising from the actions of the

Defendant-Officers.

**ANSWER**: The City denies the allegations of this paragraph as the allegations incorrectly

and incompletely summarize the law enacted as 745 ILCS 10/9-102.

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

## DEFENSES

1. Under state law, the City is not liable to plaintiff if its employees or agents are not

liable to plaintiff. 745 ILCS 10/2-109 (1994).

2. Under state law, to the extent any employee or agent of the City was acting within

the scope of his or her employment, that employee or agent is not liable for his or her acts

or omissions in the execution or enforcement of the law, unless such act or omission

constitutes wilful and wanton conduct.  745 ILCS 10/2-202 (1994).

3. Under state law, the City is not liable for any injury caused by the act or omission

of another person. 745 ILCS 10/2-204 (1994).

4. Under state law, neither the City nor a City employee is liable for the failure to

provide adequate police protection or service.  745 ILCS 10/4-102.

5.   To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by her negligent, wilful and wanton, and/or other wrongful conduct, or another's conduct to which she acquiesced, any verdict or judgment obtained by the plaintiff must be reduced by application of principles of comparative fault, by an amount commensurate with the degree of negligent, wilful and wanton and/or other wrongful conduct. Furthermore, if such fault of the plaintiff exceeds fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought, the plaintiff is not entitled to damages from any defendant.

6. The City is not liable for any policy, practice or custom that does not cause a constitutional violation.  City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

7.  Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under section 1983 for its employees misconduct.

## JURY DEMAND

The City demands a jury trial on each and every count.

Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:     /s/ Penelope M. George
PENELOPE M. GEORGE
Senior Counsel

30 North La Salle Street, Suite 1610
Chicago, Illinois 60602
(312) 742-0116
pgeorge@cityofchicago.org

30

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE EDWARDS; LORETTA STAPLES;<br>LOLITA WRIGHT; TIMOTHY PATES; and<br>ANDRE NEWTON; | ) <br> ) <br> ) | |
| | ) | No.    06 C 1988 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | JUDGE NORGLE |
| | ) | |
| CITY OF CHICAGO, a Municipal Corporation;<br>et al., | ) <br> ) | Magistrate Judge Ashman |
| | ) | |
| Defendants. | ) | |

---

**CERTIFICATE OF SERVICE**

    I, Penelope M. George, an attorney,  hereby certify that I served the Notice of Filing and the Defendant City's Answer, Defenses and Jury Demand in the above-captioned case to all parties of record pursuant to Local Rule 5.9and in accordance with the United States District Court for the Northern District of Illinois, Eastern Division's General Order on Electronic Case Filing.

                                         /s/ Penelope M. George
                                        PENELOPE M. GEORGE